UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIO A. QUINTERO,<br><br>Plaintiff,<br><br>v.<br><br>MERCED UNIFIED SCHOOL DISTRICT, et al and DOES 1 to 8,<br><br>Defendants. | Case No. 1:20-cv-01439-NONE-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Demetrio A. Quintero, proceeding pro se and in forma pauperis, filed the instant action on October 9, 2020. (Doc. No. 1.)

**I.      Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiffs' claims must be facially plausible, which requires

sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### III.     Plaintiffs' Allegations

Plaintiff names Merced Union High School District Board of Education ("MUHSD") and fictitious DOES 1 through 10 as defendants. In his complaint, Plaintiff asserts claims under 42 U.S.C. § 2000d, 2000e-2, and 2000e-3 sec. 704. (Doc. No. 1.)

Plaintiff alleges that he was forced to resign from his position as a basketball coach for the Buhach Colony High School. Plaintiff alleges that on August 30, 2019, he was asked to return his keys to the school by the deputy superintendent, Ralph Calderon. On September 3, 2019, Plaintiff alleges Mr. Calderon informed him that he was asked to return his keys based on workplace misconduct. On October 2, 2020, Plaintiff alleges that he received an email from a Debbie Glass stating that the investigation has gone from workplace misconduct to sexual harassment, alleging that Plaintiff took a screenshot of a girl's naked buttocks from her twitter account. On October 29, 2019, Plaintiff was informed there would be an investigation completed by a Ms. Sagarchi.

Plaintiff alleges that while Ms. Sagarchi was conducting her investigation, Plaintiff was not permitted to participate. Further, Plaintiff alleges that Ms. Glass was communicating with him during the investigation including telling Plaintiff that the investigation would be continued after the holidays. Plaintiff also alleges that Ms. Sagarchi had a conflict of interest in the investigation as the District was paying her law firm.

On February 10, 2020, Plaintiff alleges that he was sent an email from Ms. Glass stating that the District would be unable to complete the investigation and would move the deadline for completion to March 13, 2020. Plaintiff also alleges that in December 2019, Ms. Sagarchi had informed Plaintiff that she had completed the District's side of the investigation.

In claim 1, Plaintiff alleges that defendants engaged in discrimination and bullying of person of Hispanic/Mexican dissent. He alleges that defendants are recipients of federal funds for

its athletic programs and that such funds are used in its high school programs. Plaintiff further alleges that defendants knew that Plaintiff was of Hispanic/Native-American dissent. Plaintiff also alleges that the District and Ms. Sagarchi engaged in race discrimination by failing to fairly and properly consider Plaintiff's request for discovery and by intentionally refusing and failing to investigate the discriminatory practices. Further, Plaintiff alleges that the defendants and the MUHSD board members participated in the denial of Plaintiff's civil rights. Plaintiff asserts damages in an amount not presently ascertainable, including humiliation and embarrassment.

Plaintiff further alleges that MUHSD has engaged in racially motivated discrimination in other cases. Plaintiff alleges that a basketball coach at Golden Valley High School in the same district admitted to sexual harassment and the same board and superintendent let him continue coaching. Plaintiff further alleges that the coach's only discipline was to read the sexual harassment guidelines and not to make any contact with the teacher he harassed. Plaintiff further alleges that a student made an allegation about a campus security guard sexually harassing her and his only discipline was to be moved to a different high school. Plaintiff also alleges that at a board meeting in September 2020, Board Member Julio Valdez was singled out and asked when he would be "paying the district back for thousands of dollars, he use from the health insurance the district provided each board member." Plaintiff further alleges that Mr. Valdez was given an ultimatum by the superintended to resign or pay the bills and keep his spot on the board. Plaintiff alleges that he was also given an ultimatum in his first meeting with the superintendent. Plaintiff alleges that MUHSD allowed a non-Native American/Hispanic citizen to be awarded and to continue coaching even after admitting to sexual harassment with out any discipline.

Plaintiff also alleges that there were various conflicts of interest in his removal and the subsequent investigation. Plaintiff alleges that the board members that recommended his removal all had conflicts of interest. Plaintiff also alleges that the investigating attorney Ms. Sagarchi had a conflict of interet.

In Claim 2, Plaintiff alleges that defendants and the Buhach Colony High School Athletic Director was aware of the MUHSD non-discriminatory practices and knowingly violated those practices. Plaintiff alleges that defendants and their board members breached their duty to

Plaintiff by failing to investigate and correct the race discrimination acts complained of by Plaintiff.

In claim 3, Plaintiff alleges that the defendants retaliated against Plaintiff by breaching their duty to Plaintiff in denying Plaintiff an opportunity to have an oral interview or participate in discovery.

In his request for relief, Plaintiff seeks injunctive relief, statutory damages according to proof, Plaintiff's actual damages according to proof, reasonable attorney's fees, costs of suit, and such other and further relief as the court deems just and proper.

### III. Discussion

#### A. Jurisdiction

Plaintiff contends jurisdiction is proper under 28 U.S.C. § 1331 and 1343 (Doc. No. 1 at 2.) Jurisdiction is proper pursuant to Sections 1331 and 1343 because Plaintiff has asserted claims arising under the Constitution and laws of the United States.

#### B. Plaintiff's Claim Under Title VI, Section 2000d of Title 42 of the United States Code

Under Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

"[T]o state a claim for damages under 42 U.S.C. §2000d a plaintiff must allege (1) the entity involved was engaging in racial discrimination, and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled in part on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). Plaintiff must show that the entity, MUHSD, discriminated against him based on his race, or that race was a factor in the action complained of. *See Johnson v. Transportation agency,* 480 U.S. 616, 626 (1987). A plaintiff must prove intentional discrimination at trial; however, he need not plead it in the complaint. *Fobbs*, 29 F.3d at 1447 (*citing Wrenn v. Kansas,* 561 F. Supp. 1216, 1221 (D.C. Kan. 1983). Further, "there is no

requirement that plaintiff plead that he was an intended beneficiary of the federally funded program in which the defendants are alleged to have participated." *Id.* A Title VI claim will be dismissed where a plaintiff fails to allege any evidence that the defendant's actions were motivated by racial bias. *Cleveland v. US Dep't of Agric.,* 2020 WL 5995166 at *11-12 (E.D. Cal. October 9, 2020) (finding plaintiff failed to allege sufficient facts to support a claim under Title VI).

Plaintiff alleges Defendant is a recipient of federal funds.  (Doc. No. 1 at 6 ¶¶ 11, 12.) ("MUHSD is a recipient of federal funds for its athletic programs for which it uses sports officiating service contracts . . . [Defendant] received the aforesaid federal funds from the United States Secretary of Education, or through some other federal funding department . . . .") Plaintiff additionally alleges Defendant engaged in racial discrimination by failing to fairly and properly consider Plaintiff's request for discovery and by intentionally refusing and failing to investigate discriminatory practices while allowing non-Native American-Hispanic persons the same opportunities. (Doc. No. 1 at 7-9, ¶¶ 18-25.)  It appears that Plaintiff may be attempting to allege that he was removed from coaching the basketball team based on his race, although that is not clear from the allegation.  Plaintiff will be granted leave to amend.

Plaintiff cannot state a claim under Title VI, Section 2000d for being denied participation in the investigation. He does not allege that the denial of his participation in the investigation was racially motivated. The other instances of alleged discrimination discussed in the complaint support Plaintiff's disparate treatment argument in that other coaches, or similar persons, may have been discriminated against by the school board, however, it does not support his allegations that the denial to allow him discovery in the investigation was racially motiviated or that his termination was racially motivated.

At best, Plaintiff's allegations support a claim that the school board is treating people differently when there are allegations of misconduct. However, Plaintiff has not demonstrated that his exclusion from participation in the investigation was racially motivated. Leave to amend will be granted.

///

**C. Plaintiff's Claim Under Title VII, Section 2000e of Title 42 of the United States Code**

Plaintiff has styled a claim for "Systemic Disparate Treatment Discrimination and Unlawful Employment Practices" under 42 U.S.C. § 2000e-2.

Title VII provides in relevant part as follows:

> It shall be an unlawful employment practice for an employer --
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

This Section protects against "Unlawful Employment Practices" by an "employer." 42 U.S.C. § 2000e(a). There must be some interference with an employment relationship, as opposed to an independent contractual relationship, for Title VII protections to apply. *Mitchell v. Frank R. Howard Mem. Hosp.*, 853 F2d 762, 767 (9th Cir. 1988). To establish a prima facie case of employment discrimination the plaintiff must show that (1) he was a member of a protected class, (2) was adequately performing his job, and (3) he suffered an advese employment action or was treated differently from others who were similarly situated. *Kortan v. California Youth Auth.*, 217 F.3d 1104, 1113 (9th Cir. 2000) (citing *McDonnell Douglas Corp., v. Green,* 411 U.S. 792, 802 (1973). The Plaintiff need only allege enough facts to give rise to an inference of unlawful discrimination. *See Raad v. Fairbanks N. Star Borough,* 323 F.3d 1185, 1196 (9th Cir. 2003). A plaintiff may prove their case either directly, by proving that a discriminatory reason motivated the employer, or indirectly, by showing that the employer's proffered explanation for their actions was unworthy of credence. *Raad,* 323 F.3d at 1196 (citing *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254-55 (1981).

Plaintiff cannot state a claim under Title VII, Section 2000e-2(a). Plaintiff does not allege an "employer-employee relationship" with MUHSD. On the contrary, Plaintiff's allegations portray Plaintiff as a basketball coach and does not provide any facts that he is engaged in an

employment relationship with MUHSD. (Doc. No. 1 at 2 ¶ 5.) It is also is unclear if he is allegeing he was terminated for racially motivated reasons. If Plaintiff is attempting to allege termination, he must allege facts to support a prima facie case of employment discrimination. Leave to amend will be granted.

### D. Plaintiff's Claim under Title VII, Section 2000e-3 of Title 42 of the United States Code.

Title VII prohibits adverse employment actions against an employee who has "opposed any practice made an unlawful employment practice by this subchapter [(Title VII)]" or who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3. The analysis of a retaliation case is similar to that of a discrimination case under Title VII, where the plaintiff must establish a prima facie case of retaliation, then the employer must articulate a legitimate, non-retaliatory reason for its action, and the plaintiff must show that the employer's reason is a pretext. *See Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1065 (9th Cir. 2003). To state a claim under Title VII, Plaintiff must show that he was is an individual employed by an employer. 42 U.S.C. §2000e(f); *Kelley v. City of Albuquerque,* 542 F.3d 802 (10th Cir. 2008).

Plaintiff has not alleged any facts that he is an employee of MUHSD. As stated above, Plaintiff's allegations portray him as a basketball coach and does not provide any facts that his being a basketball coach was part of an employment relationship. (Doc. No. 1 at 2 ¶ 5.)

### IV.    Conclusion and Order

Plaintiff's amended complaint fails to state a cognizable federal claim. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a final opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a Complaint for a Civil Case form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-01439-NONE-BAM and the complaint is not to exceed twenty-five (25) pages; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: __April 9, 2021__          /s/ *Barbara A. McAuliffe*          
                                  UNITED STATES MAGISTRATE JUDGE