UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIO A. QUINTERO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MERCED UNIFIED SCHOOL DISTRICT, et al and DOES 1 to 8,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-01439-NONE-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE<br><br>(Doc. No. 7)<br><br>**FOURTEEN-DAY DEADLINE** |

　　　　Plaintiff Demetrio A. Quintero, proceeding pro se and in forma pauperis, filed the instant action on October 9, 2020. (Doc. No. 1.) The Court issued a screening order granting Plaintiff leave to amend on April 12, 2021. (Doc. No. 4.) Plaintiff's first amended complaint is currently before the Court for screening. (Doc. No. 7.) For the reasons explained below, the Court finds that Plaintiff's complaint fails to state a cognizable claim and all claims will be recommended for dismissal.

**I.　　Screening Requirement and Standard**

　　　　The Court screens complaints brought by persons proceeding pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiffs' claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### III.     Plaintiffs' Allegations

Plaintiff names Merced Union High School District Board of Education ("MUHSD") and fictitious DOES 1 through 8 as defendants. In his first amended complaint, Plaintiff asserts claims under 42 U.S.C. § 2000d, 2000e-2, 2000e-3 sec. 704, and Cal. Public Contract Code § 10115, *et seq*. (Doc. No. 7.)

Plaintiff alleges that he was forced to resign from his position as a basketball coach for the Buhach Colony High School. Plaintiff alleges that on August 30, 2019, he was asked to return his keys to the school by the deputy superintendent, Ralph Calderon. On September 3, 2019, Plaintiff alleges Mr. Calderon informed him that he was asked to return his keys based on workplace misconduct. On September 6, 2019, Plaintiff again met with Mr. Calderon where Plaintiff presented Mr. Calderon with a letter requesting discovery in the ongoing investigation. Plaintiff alleges that Mr. Calderon refused the letter and instead handed Plaintiff a letter requesting his resignation as basketball coach. Plaintiff alleges that at that point he was unaware of any wrongdoing or accusations of wrongdoing. Plaintiff alleges he was forced to sign the resignation letter.

Following his resignation, Plaintiff contacted Richard Lopez, president of the MUHSD board. Plaintiff requested a meeting with Mr. Lopez to discuss the situation. Mr. Lopez informed Plaintiff that the board will not get involved and regardless would likely follow the recommendation of the superintendent. Plaintiff responded that he nonetheless deserved due

process because as a Native American he was given no due process.

On September 27, 2018, Plaintiff alleges that the players from the basketball team began calling him expressing their displeasure and concerns about the investigation. Plaintiff alleges the players further complained that the investigation was being mishandled and older girls were threatening them to collude in the false allegations. Plaintiff alleges that while he was waiting to hear from investigators, the players and their parents were not allowed to speak on his behalf.

On October 2, 2019, Plaintiff alleges that he received an email from a Debbie Glass stating that the investigation has gone from workplace misconduct to sexual harassment, alleging that Plaintiff took a screenshot of an unidentified girl's naked buttocks from her twitter account. On October 29, 2019, Plaintiff was informed there would be an investigation completed by a Ms. Sagarchi. Plaintiff alleges that there is a conflict of interest between Ms. Sagarchi, her law office, and the school district.

Plaintiff alleges that while Ms. Sagarchi was conducting her investigation, Plaintiff was not permitted to participate. Plaintiff repeatedly asked Ms. Sagarchi for discovery in the investigation. Further, Plaintiff alleges that on December 9, 2019, Ms. Glass was communicating with him during the investigation including telling Plaintiff that the investigation would be continued after the holidays.

On January 13, 2020, Plaintiff alleges he received a letter from Ms. Sagarchi asking him to meet so she could conclude her investigation, giving Plaintiff until January 20, 2020 to comply. Plaintiff emailed Ms. Sagarchi on January 23, 3030, informing her that he was not getting a fair investigation because of unfair bias and the conflict of interest. Plaintiff also informed Ms. Sagarchi of his communication with Ms. Glass stating that the investigation would conclude on February 14, 2020.

On February 10, 2020, Plaintiff alleges that he received an email from Ms. Glass stating that the District would be unable to complete the investigation and would move the deadline for completion to March 13, 2020. Plaintiff also alleges that in December 2019, Ms. Sagarchi had informed Plaintiff that she had completed the District's side of the investigation.

Plaintiff believes that because of his "Native American ancestry the administration of

MUHSD improperly denied [him] of [his] civil rights and due process rights."

In claim 1, Plaintiff alleges that MUHSD is a recipient of federal funds for its athletic programs. Plaintiff also alleges that Defendants knew Plaintiff is a Native American person. Plaintiff alleges that "MUHSD failed to provide Plaintiff with an equal opportunity to any due process." Plaintiff alleges that MUHSD represents a continuous pattern and practice of unlawful race discrimination including: allowing a Caucasian basketball coach at Golden Valley High School continue to work as a PE instructor and basketball coach after admitting to sexual harassment, allowing a Caucasian campus security officer who sexually harassed a female student at Buhach Colony High School to continue working only moving him to a new campus; and allowing a non-native American Caucasian citizen continue teaching and coaching after admitting sexual harassment.

Plaintiff further alleges that Board members of MUHSD continued unlawful discrimination by failing to fairly and properly consider Plaintiff's due process. Plaintiff continues by alleging that plaintiff's requests for due process and discovery were intentionally refused and MUHSD failed to investigate their discriminatory practices. Plaintiff further alleges that he was denied the opportunity to fairly compete for work, particularly following Plaintiff's complaints that he was being unlawfully discriminated against.

Plaintiff alleges that because of the continued failure of MUHSD he has been deprived of the "full and equal enjoyment of privileges, advantages, and accommodations as enjoyed by white citizens." Plaintiff also alleges that he has suffered actual damages in an amount not presently ascertainable but including humiliation and embarrassment.

In Claim 2, Plaintiff alleges that Defendants and the Buhach Colony High School Athletic Director were aware of the MUHSD non-discriminatory practices and knowingly violated those practices. Plaintiff alleges that defendants and their board members breached their duty to Plaintiff by failing to investigate and correct the discriminatory acts complained of by Plaintiff. Plaintiff further alleges that MUHSD did not properly consider, assess, or evaluate Plaintiff's responses because of Plaintiff's race.

In claim 3, Plaintiff alleges that Defendants were aware of the "system of disparage

treatment, bias, and discriminatory practices set in place by the hiring patterns and policies." Plaintiff further alleges that Defendants retaliated against Plaintiff's request by not properly considering, assessing, or evaluating them.

In claim 4, Plaintiff makes no allegations other than those incorporated in claims one, two, and three.

In his request for relief, Plaintiff seeks injunctive relief, statutory damages according to proof, Plaintiff's actual damages according to proof, injunctive relief, reasonable attorney's fees, costs of suit, and such other and further relief as the court deems just and proper.

### III.     Discussion

### A.     Jurisdiction

Plaintiff contends jurisdiction is proper under 28 U.S.C. § 1331 and 1343 (Doc. No. 7 at 2.) Jurisdiction is proper pursuant to Sections 1331 and 1343 because Plaintiff has asserted claims arising under the Constitution and laws of the United States.

### B. Plaintiff's Claim Under Title VI, Section 2000d of Title 42 of the United States Code

Under Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.

"[T]o state a claim for damages under 42 U.S.C. §2000d a plaintiff must allege (1) the entity involved was engaging in racial discrimination, and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled in part on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). Plaintiff must show that the entity, MUHSD, discriminated against him based on his race, or that race was a factor in the action complained of. *See Johnson v. Transportation agency,* 480 U.S. 616, 626 (1987). A plaintiff must prove intentional discrimination at trial; however, he need not plead it in the complaint. *Fobbs*, 29 F.3d at 1447 (citing *Wrenn v. Kansas,* 561 F. Supp. 1216, 1221 (D.C. Kan. 1983). Further, "there is no

requirement that plaintiff plead that he was an intended beneficiary of the federally funded program in which the defendants are alleged to have participated." *Id.* A Title VI claim will be dismissed where a plaintiff fails to allege any evidence that the defendant's actions were motivated by racial bias. *Cleveland v. US Dep't of Agric.,* 2020 WL 5995166 at *11-12 (E.D. Cal. October 9, 2020 (finding plaintiff failed to allege sufficient facts to support a claim under Title VI).

Plaintiff alleges Defendants are a recipient of federal funds. (Doc. No. 7 ¶¶ 12, 13.) ("MUHSD is a recipient of federal funds for its athletic programs for which it uses sports officiating service contracts . . . [Defendant] received the aforesaid federal funds from the United States Secretary of Education, or through some other federal funding department . . . .") Plaintiff additionally alleges Defendants engaged in a "continuous pattern and practice of unlawful race discrimination." (Doc. No. 7, ¶ 16.) Plaintiff alleges that non-Native American employees who have been either accused or admitted to claims of sexual harassment were treated differently, generally, such persons were able to maintain their employment. (Doc. No. 7 ¶¶ 17, 25.)

However, all of Plaintiff's allegations pertain to the handling of the investigation, rather than his denial of being allowed participation in the federally funded activity. While Plaintiff alleges others have been treated differently by being given alternative jobs or placements, Plaintiff's allegations do not challenge his dismissal. Rather, Plaintiff's allegations state that the school board mishandled the investigation and that through the investigation engaged in racial discrimination. The entirety of his allegations challenge the process he was given in the investigation after his dismissal. Plaintiff does not challenge his dismissal. The Court finds that Plaintiff has not stated a cognizable claim against Defendants for violation of 42 U.S.C. §2000d.

Plaintiff's allegations in the first amended complaint vary only slightly from the allegation in the original complaint. While there are additional facts compared to the original complaint, the facts relate only to the investigation. It does not appear that Plaintiff can allege facts that he was asked to resign from his position because of his race. All the facts in the first amended complaint state that Plaintiff was asked to resign over claims of misconduct. There is not a single allegation that the resignation was forced because of Plaintiff's race. Therefore, the Court recommends that

Plaintiff's claim under 42 U.S.C. §2000d be dismissed.

### C. Plaintiff's Claim Under Title VII, Section 2000e of Title 42 of the United States Code

Plaintiff has styled a claim for "Systemic Disparate Treatment Discrimination and Unlawful Employment Practices" under 42 U.S.C. § 2000e-2.

Title VII provides in relevant part as follows:

> It shall be an unlawful employment practice for an employer --
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).

This Section protects against "Unlawful Employment Practices" by an "employer." 42 U.S.C. § 2000e(a). There must be some interference with an employment relationship, as opposed to an independent contractual relationship, for Title VII protections to apply. *Mitchell v. Frank R. Howard Mem. Hosp.*, 853 F2d 762, 767 (9th Cir. 1988). To establish a prima facie case of employment discrimination the plaintiff must show that (1) he was a member of a protected class, (2) was adequately performing his job, and (3) he suffered an adverse employment action or was treated differently from others who were similarly situated. *Kortan v. California Youth Auth.*, 217 F.3d 1104, 1113 (9th Cir. 2000) (citing *McDonnell Douglas Corp., v. Green,* 411 U.S. 792, 802 (1973). The Plaintiff need only allege enough facts to give rise to an inference of unlawful discrimination. *See Raad v. Fairbanks N. Star Borough,* 323 F.3d 1185, 1196 (9th Cir. 2003). A plaintiff may prove their case either directly, by proving that a discriminatory reason motivated the employer, or indirectly, by showing that the employer's proffered explanation for their actions was unworthy of credence. *Raad,* 323 F.3d at 1196 (citing *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254-55 (1981).

In the First Amended Complaint, Plaintiff again fails to state a claim under Title VII, Section 2000e-2(a). In the Court's screening of the original complaint, the Court identified that Plaintiff does not allege an "employer-employee relationship" with MUHSD. Plaintiff's

allegations in the First Amended Complaint echo those in the original complaint and again fails to allege that Plaintiff is an employee of MUHSD and not an independent contractor, or volunteer. Plaintiff has been unable to cure this deficiency.  Plaintiff has failed to state a claim under Title VII, Section 2000e-2. Therefore, the Court recommends that Plaintiff's claim under Title VII, Section 2000e-2 be dismissed.

### D. Plaintiff's Claim under Title VII, Section 2000e-3 of Title 42 of the United States Code.

Title VII prohibits adverse employment actions against an employee who has "opposed any practice made an unlawful employment practice by this subchapter [(Title VII)]" or who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3. The analysis of a retaliation case is similar to that of a discrimination case under Title VII, where the plaintiff must establish a prima facie case of retaliation, then the employer must articulate a legitimate, non-retaliatory reason for its action, and the plaintiff must show that the employer's reason is a pretext. *See Stegall v. Citadel Broadcasting Co*., 350 F.3d 1061, 1065 (9th Cir. 2003). To state a claim under Title VII, Plaintiff must show that he was is an individual employed by an employer. 42 U.S.C. §2000e(f); *Kelley v. City of Albuquerque,* 542 F.3d 802 (10th Cir. 2008).

Just as under Plaintiff's 42 U.S.C. §2000e-2 claim, Plaintiff again fails to allege an employment relationship with MUHSD. Based on the facts in the First Amended Complaint, it is unclear Plaintiff's role as a basketball coach was based on an employment contract, independent contracting agreement, or was on a volunteer basis. Plaintiff must allege first that he was an employee, or had such rights as an employee, before proceeding to the allegations of unlawful employment practices. Plaintiff has been unable to cure this deficiency.  Therefore, Plaintiff has failed to state a claim under 42 U.S.C. §2000e-3. thus, the Court recommends that Plaintiff's claim under Title VII, Section 2000e-3 be dismissed.

### E. Plaintiff's claim under California Public Contract Code 10115(a), 10115, and 10115.2, et seq.

California's Public Contract Code requires state contracts to reach certain participation

8

goals by awarding contracts to at least 15% minority, 5% women, and 3% disabled veteran enterprises. Cal. Public Contract Code §10115(c).

Section 10115(c) specifically states:

> **(c)** Notwithstanding any other provision of law, contracts awarded by any state agency, department, officer, or other state governmental entity for construction, professional services (except those subject to Chapter 6 (commencing with Section 16850) of Part 3 of Division 4 of Title 2 of the Government Code), materials, supplies, equipment, alteration, repair, or improvement shall have statewide participation goals of not less than 15 percent for minority business enterprises, not less than 5 percent for women business enterprises and 3 percent for disabled veteran business enterprises. These goals apply to the overall dollar amount expended each year by the awarding department, as defined by Section 10115.1, pursuant to this article.

The purpose of §10115 is to encourage economic opportunity for minorities, women, and veterans and to expand procurement by state agencies of commodities, professional services, and construction work.

First, Plaintiff has failed to allege any facts that apply specifically to the California Public Contract Code § 10115, *et seq.* Also as stated above, Plaintiff's relationship with MUHSD is unclear. Specifically, it is unclear to the Court if Plaintiff is an employee, an independent contractor, or simply a volunteer. Even so, Plaintiff does not allege he was granted a public contract such that he could state a claim under § 10115. It is unclear if the coaching positions at MUHSD are a public contract. Plaintiff has failed to state a claim under Cal. Public Contract Code § 10115 as he has failed to state any facts that would apply to the claim. Plaintiff does not allege that the position was subject to a public contract, and does he allege that his removal from the position would violate the participation goals of § 10115. Plaintiff has been unable to cure this deficiency. Therefore, the Court recommends that Plaintiff's claim under California Public Contract Code § 10115, *et seq.*, be dismissed.

**F.  Leave to Amend**

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be

cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### IV. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 27, 2021**         /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE